UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Crim. No. 23-1256 MLG

**KYLE JOSEPH HARNEY-CHEE,**

    Defendant.

### UNITED STATES' SENTENCING MEMORANDUM[1]

The United States submits the following in support of the Rule 11(c)(1)(C) plea agreement to thirty (30) months in the Bureau of Prisons. As for the hearing, the United States has failed through diligent efforts to connect with John Doe's next of kin, so it does not anticipate proffering any testimony at sentencing. With that said, the United States respectfully requests that the Court accept the agreement for the following reasons.

### I.    BACKGROUND

#### A. Factual[2]

January 16, 2021 is the birthday that Defendant will never forget. Instead of celebrating with friends, Defendant extinguished the life of an unsuspecting motorist while driving under the influence of alcohol and marijuana.

Earlier that day, while at work Defendant (1) smoked marijuana on his lunch break and (2) took several shots of liquor just before his shift ended, all in celebration of his birthday. After he got off work, he crashed into and killed a motorcyclist within the exterior boundaries of the

---

[1] The United States does not object to the Presentence Investigation Report (Doc. 7) ("hereafter "PSR").
[2] The United States adopts the facts proffered in ¶¶ 9–18 of the PSR. The United States also incorporates the factual basis from the plea agreement. Thus, the United States includes an abridged version here and omits citations.

Tesuque Pueblo. Defendant immediately called 911 and reported the incident. During the entire call, and the follow-up investigation, Defendant complied with directives and assisted officers.

Defendant's toxicology came back as follows: Ethanol .06 g/100ml; Delta-9-THC 4.4 ng/ml; 11-Nor-9 Carboxy-Delta-9-THC 87.8 ng/ml; 11-hydroxy-Delta-9-THC 1.9 ng/ml. Officers also found in the vehicle several pre-rolled marijuana cigarettes, one cigarette half-burned, several grams of marijuana, a pipe with a burned substance, as well as several empty and half empty bottles of liquor. Combined, Defendant clearly operated his vehicle without due caution and circumspection, which resulted in death. A conclusion further supported by his admissions that he (1) used both substances prior to driving the vehicle and (2) became distracted by his phone moments before the accident.

### B. Procedural

On April 14, 2023, the United States served on Defendant a target letter, which informed him that a Bureau of Indian Affairs investigation indicated that he violated 18 U.S.C. § 1112. Shortly after, a private attorney from Santa Fe contacted the United States on Defendant's behalf, explaining that Defendant attempted to retain counsel in order to resolve this matter pre-indictment. During that conversation, it became clear that Defendant needed counsel appointed by the Court. The United States then worked with the Office of the Federal Public Defender to secure Court-appointed counsel for Defendant. Once appointed, Defendant's attorney worked expeditiously with the Government to resolve this matter.

To that end, on August 15, 2023, Defendant pleaded guilty to a one-count information charging a violation of 18 U.S.C. §§ 1153 and 1112, that being involuntary manslaughter in Indian Country. *See* Docs. 1–4. In doing so, Defendant committed himself without being complained on or indicted to the custody of the United States Marshals.

On October 4, 2023, the PSR issued. *See* Doc. 7. Therein, Probation calculated with an acceptance of responsibility reduction an offense level of 19 and a criminal history category of I, which corresponds to an imprisonment range of 30 to 37 months. *Id*. Probation also concluded that "a sentence in accordance with the Rule 11(c)(1)(C) plea agreement may be warranted in this case." *Id*. ¶ 82.

## II.   ANALYSIS

### A. The Sentencing Factors

Courts should begin every sentencing with a Guidelines calculation as an "initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). However, the Guidelines are just that, a benchmark, and not binding on a sentencing court. *United States v. Booker*, 543 U.S. 220, 245 (2005). Therefore, a judge also must consider the sentencing factors in 18 U.S.C. § 3553(a), which aim to "impose a sentence 'sufficient, but not greater than necessary' to comply with the purposes of sentencing." *United States v. Stepp*, 2023 WL 1966420, at *2 (D.N.M. Feb. 13, 2023) (unpublished) (quoting 18 U.S.C. § 3553(a)). Those purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

A court should consider in accomplishing these purposes (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for a sentence to reflect the seriousness of the crime, deter future criminal conduct, prevent the defendant from committing more crimes, and provide rehabilitation; (3) the sentences legally available; (4) the

Sentencing Guidelines; (5) the Sentencing Commission's policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need for restitution.  18 U.S.C. § 3553(a).

These relevant factors and accompanying purposes of sentencing weigh in favor of the Rule 11(c)(1)(C) plea agreement to a term of incarceration of thirty months.

> 1) *The nature and circumstances of the offense and the history and characteristics of the defendant*

Beginning with the instant offense, as already stated above, Defendant killed another motorist while operating a vehicle under the influence of alcohol and marijuana.  After, Defendant contacted law enforcement without hesitation, stayed at the scene, and accepted responsibility. These actions are tough to reconcile.  On one hand, Defendant unintentionally killed John Doe through selfish and reckless behavior (and placed everyone else on the road that night in danger).  On the other, Defendant showed remorse by immediately accepting responsibility for his grave mistake and continued to do so throughout this litigation.  It follows then that the instant plea agreement is a product of this tension.  That is, it attempts to capture all conduct with a sentence that is sufficient but not greater than necessary.

Tellingly, it is undeniable that causing loss of life through selfish conduct deserves punishment no matter the actions taken after the incident.  Although commendable, immediately calling 911 and assisting in the subsequent investigation does not and cannot completely excuse Defendant's conduct as a one-off mistake, especially given that the instant offense flows from a long history of driving under the influence.  *See* PSR ¶¶ 38 (2020 DWI), 39 (2023 DWI with .26 and .25 BAC), and 41 (another 2023 DWI).

But Defendant's post-accident conduct also cannot be ignored.  Rather, such actions can and in some instances should reduce exposure at sentencing.  Here, the parties believe that a slight reduction that still falls within the Guidelines range, albeit at the low end, is proper considering

4

the circumstances. Or put another way, the Rule 11(c)(1)(C) agreement provides an appropriately stiff penalty while still recognizing Defendant's significant showing of acceptance of responsibility. Accordingly, Defendant's history and characteristics, coupled with the nature and circumstances of the offense, weigh in favor of the Rule 11(c)(1)(C) plea agreement.

>   2) *The need for a sentence to reflect the seriousness of the crime, deter future criminal conduct, prevent the defendant from committing more crimes, and provide rehabilitation*

As the PSR reveals, Defendant has a significant substance abuse problem that needs immediate correction. The agreed upon sentence provides the needed adjustment. For one, thirty months in the BOP provides a deterrent, both in terms of the community at large as well as for Defendant. The community is now on notice that driving under the influence of any substance in Indian County will be penalized. As for Defendant, the sentence prevents him from placing other motorists in danger while simultaneously forcing his sobriety. The sentence also allows Defendant to get his life back on track through substance abuse counseling. Indeed, Defendant is at a point in his life where he can either resolve his drug and alcohol problem over the next thirty months and in doing so grow into a productive adult, which includes pursuing counseling and educational opportunities through the BOP, or instead can go down a continued path of substance abuse, which will continue to place the community at large in danger. Either way, the agreed upon sentence gives Defendant that opportunity, while not being so harsh as to eliminate the expectation that he returns to society as a productive individual.

This factor weighs in favor of the Rule 11(c)(1)(C) plea agreement.

>   3) *The Sentencing Guidelines*

The Guidelines prescribe with an acceptance of responsibility reduction an offense level of 19 and a criminal history category of I, which corresponds to an imprisonment range of 30 to 37

months.  Thus, the plea agreement's term of thirty months falls on the low end of the Guidelines calculation.  However, pegging this matter at the low end is warranted under the facts given Defendant's significant showing of acceptance of responsibility, which cannot be captured by the traditional three level reduction under USSG §§ 3E1.1(a) and (b).  To be sure, after receiving the target letter, Defendant immediately attempted the retain counsel.  Once the Court appointed him an attorney, he worked with the United States to resolve this matter, continuing to accept thereafter all responsibility.  Thus, this factor weighs in favor of the agreed upon sentence.

    *4)  The need to avoid unwarranted sentence disparities*

As stated in the PSR,

> [d]uring the last five fiscal years (FY2018-2022), there were 62 defendants whose primary guideline was §2A1.4, with a Final Offense Level of 19 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 58 defendants (94%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 34 month(s) and the median length of imprisonment imposed was 34 month(s). For all 62 defendants in the cell, the average sentence imposed was 32 month(s) and the median sentence imposed was 30 month(s).

PSR ¶ 83.

This information supports the plea agreement.

### III.    CONCLUSION

The United States respectfully requests that the Court accept the Rule 11(c)(1)(C) agreement and sentence Defendant to a thirty-month term of incarceration.

    Sincerely,

    ALEXANDER M.M. UBALLEZ
    United States Attorney

    */s/ Electronically filed on October 17, 2023*
    MATTHEW J. McGINLEY
    Assistant United States Attorney

I HEREBY CERTIFY that on October 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

/s/
MATTHEW J. McGINLEY
Assistant United States Attorney