IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        No. 23-CR-1256 MLG

KYLE JOSEPH HARNEY-CHEE,

        Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

### Introduction

On August 15, 2023, Defendant Kyle Joseph Harney-Chee pled guilty to an information charging a single count of Involuntary Manslaughter, an Indian Country Crime, in violation of 18 U.S.C. § 1112 and 18 U.S.C. § 1153. On that date the parties entered into a plea agreement pursuant to Rule 11(c)(1)(C). In the plea agreement, the parties stipulate to a prison sentence of thirty (30) months. A Presentence Investigation Report (PSR) was disclosed on October 4, 2023.

### The Guideline Calculation

Defendant and counsel have carefully reviewed the Pre-sentence Investigation Report (PSR) prepared in this matter. Defendant and counsel believe that the report accurately reflects Defendant's criminal history. With 1 criminal history point, his criminal history is correctly calculated as category I. PSR, ¶ 37. Further, Defendant agrees that his base offense level is correctly calculated as level 22. PSR, ¶ 23.

With Defendant's base offense level of 22 reduced by three levels for acceptance of responsibility, Defendant's total offense level is 19. PSR, ¶ 32. An offense level of 19, with a criminal history category of I, yields an advisory Guideline range of 30 to 37 months. PSR, ¶ 65.

**Factors that Warrant a Sentence of 30 Months**

The stipulation in the plea agreement provides for a sentence of 30 months. Paragraph 81 of the PSR notes a number of factors relevant to Defendant's sentencing. While some of these can be viewed as aggravating factors (DWI arrests *after* the incident in this case), more of them are properly read as mitigating factors.

Kyle Harney-Chee's father was an abusive alcoholic. PSR, ¶ 44. Defendant has been diagnosed with Post-Traumatic Stress Disorder, Anxiety Disorder, Alcohol Dependence, and Cannabis Dependence. PSR, ¶¶ 50, 81. Still, Mr. Harney-Chee's completion of the Darrin's Place inpatient substance abuse program shows that he can successfully achieve sobriety in a structured setting. And unlike so many who struggle with addictions, he "possesses a steady work history, and he has future employment prospects." PSR, ¶ 81.

Mr. Harney-Chee understands that he needs help to conquer his addictions and wishes to participate in the Residential Drug Addiction Program while serving his sentence in the Bureau of Prisons.

When this Court considers the statutory purposes of a sentence as stated by § 3553(a) – retribution, deterrence, protection of the public, and rehabilitation – it is clear that any sentence above the agreed upon term of 30 months is substantially greater than necessary to achieve these goals.

**Conclusion**

For all of the above reasons, Mr. Harney-Chee respectfully requests that this Court sentence him to a term of 30 months imprisonment, to be followed by a period of supervised release on conditions deemed appropriate by the Court.

I hereby certify that I caused
a copy of the foregoing to be
served on the office of the United States
Attorney, on October 24, 2023.

Respectfully submitted,

*[signature]*

Counsel for Defendant

*[signature]*

D. Eric Hannum
1025½ Lomas Blvd. NW
Albuquerque, NM 87102
(505) 842-6171